1   EVAN R. MOSES, CA Bar No. 198095
    evan.moses@ogletree.com
2   CHRISTOPHER W. DECKER, CA Bar No. 229426
    christopher.decker@ogletree.com
3   OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
4   400 South Hope Street, Suite 1200
    Los Angeles, CA  90071
5   Telephone:  213-239-9800
    Facsimile:   213-239-9045
6
    Attorneys for Defendants
7   P.F. CHANG'S CHINA BISTRO, INC.

8             UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11  KYLE COOKSON and EDGAR              Case No. 3:23-cv-000341-GPC-DDL
    VILLALOBOS, on behalf of
12  themselves and all others similarly  **MEMORANDUM OF POINTS AND**
    situated,                            **AUTHORITIES IN SUPPORT OF**
13                                       **DEFENDANT P.F. CHANG'S CHINA**
                     Plaintiffs,         **BISTRO, INC.'S MOTION TO**
14                                       **COMPEL ARBITRATION OF**
            v.                           **PLAINTIFF EDGAR VILLALOBOS'**
15                                       **CLAIMS**

16  P.F. CHANG'S CHINA BISTRO, INC.      *[Filed Concurrently with Amended Notice*
    a Delaware Corporation, and DOES 1-  *of Motion to Compel Arbitration;*
17  50, inclusive,                       *Declaration of Kala Saenz; Declaration*
                                         *of Christopher W. Decker; Declaration of*
18                   Defendants.         *Susan Walsh; and [Proposed] Order]*

19                                       Date:         May 26, 2023
                                         Time:         1:30 p.m.
20                                       Place:        Courtroom 2D

21                                       Complaint Filed: November 10, 2022
                                         Trial Date:      None
22                                       District Judge:   Hon. Gonzalo P. Curiel
                                                           Courtroom 2D,
23                                                         San Diego
                                         Magistrate Judge:Hon. David D. Leshner
24                                                         Courtroom __,
                                                           San Diego
25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT P.F. CHANG'S CHINA
BISTRO, INC.'S MOTION TO COMPEL ARBITRATION OF PLAINTIFF EDGAR VILLALOBOS' CLAIMS

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ........................................................................ 1

II.    SUMMARY OF RELEVANT FACTS ..................................................... 2

    A.    Plaintiff Villalobos Was Presented With the Dispute Resolution Agreement and Agreed to Be Bound By It. ................. 2

    B.    The Dispute Resolution Agreement Covers Plaintiff Villalobos' Claims. ........................................................ 2

    C.    The Allegations of the FAC Concern Plaintiff Villalobos' Employment. .......................................................... 3

    D.    Plaintiff Villalobos Was Advised of the Arbitration Agreement. ............................................................ 3

III.   THE FEDERAL ARBITRATION ACT REQUIRES ARBITRATION OF PLAINTIFF VILLALOBOS' CLAIMS. ............... 3

    A.    The Federal Arbitration Act and Federal Authority Require the Court to Compel Arbitration of Plaintiff Villalobos' Claims. ............................................ 3

    B.    The Federal Arbitration Act Also Governs Arbitration Agreements in the Employment Context. ....................... 5

IV.   CALIFORNIA LAW ALSO REQUIRES ARBITRATION OF PLAINTIFF VILLALOBOS' CLAIMS. .................................. 6

    A.    California Statutory Law Provides for the Enforcement of Arbitration Agreements. .................................... 6

    B.    The Agreement Is Not Procedurally Unconscionable. .................. 7

    C.    The Agreement Is Not Substantively Unconscionable. ............... 7

        1.    The DRP Provides for a Neutral Arbitrator and Includes Provisions that Ensure Fairness. ........................... 8

        2.    The DRP Provides For Adequate Discovery. ..................... 8

        3.    The DRP Provides that the Arbitrator Will Issue a Reasoned Opinion. ........................................ 9

        4.    The DRP Does Not Limit Statutory Remedies in Any Way. .............................................. 9

        5.    Defendant Intends to Pay The Arbitrator's Fees. ............... 9

    D.    If Any Provision in the Arbitration Agreement is Found Unenforceable, it Will Not Render the Entire Agreement

i    Case No. 3:23-cv-000341-GPC-DDL

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S MOTION TO COMPEL ARBITRATION OF PLAINTIFF EDGAR VILLALOBOS' CLAIMS

| | | | |
|---|---|---|---|
| | | Unenforceable | 10 |
| | E. | Plaintiff Villalobos' Claims are Covered by the DRP and Must be Submitted to Arbitration | 10 |
| V. | | ANY CLAIMS AGAINST DEFENDANT MUST BE PURSUED THROUGH INDIVIDUAL ARBITRATION | 11 |
| | A. | The DRP Precludes Class and Representative PAGA Claims And Requires Individual Resolution Of Any Dispute | 11 |
| | B. | The Court Can Stay The Action Pending Resolution Of Arbitration, But Should Dismiss Plaintiff's Claims Against Defendant Pursuant To Federal Rule of Civil Procedure 12(b)(6). | 12 |
| | C. | The DRP's Requirement to Enforce Arbitration Solely on an Individualized Basis is Enforceable. | 13 |
| VI. | | CONCLUSION | 15 |

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allied-Bruce Terrains Cos. V. Dobson*,
  513 U.S. 265 (1995) ............................................................................ 6

*AT&T Mobility LLC v. Concepcion* (2011)
  131 S. Ct. 1740 ................................................................... 3, 4, 13

*AT&T Tech., Inc. v. Communication Workers of Am.* (1986)
  475 U.S. 643 ........................................................................... 5

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.* (9th Cir. 2000)
  207 F.3d 1126 ........................................................................... 4

*Circuit City Store, Inc. v. Adams* (2001)
  532 U.S. 105 ........................................................................... 5

*Dean Witter Reynolds, Inc. v. Byrd* (1985)
  470 U.S. 213 ........................................................................... 4

*EEOC v. Luce, Forward, Hamilton & Scripps* (9th Cir. 2003)
  345 F.3d 742 ........................................................................... 5

*Epic Sys. Corp. v. Lewis* (2018)
  138 S. Ct. 1612 ...................................................................... 13

*Gilmer v. Interstate/Johnson Lane Corp.* (1961)
  500 U.S. 20 ........................................................................... 5

*Grabowski v. C.H. Robinson* (S.D. Cal. Sept. 19, 2011)
  2011 WL 4353998 ...................................................................... 5

*Kuehner v. Dickinson & Co.* (9th Cir. 1996)
  84 F.3d 316 ........................................................................... 5

*Luna v. Kemira Specialty, Inc.* (C.D. Cal. 2008)
  575 F. Supp. 2d 1166 ................................................................ 12

*Nagrampa v. MailCoups, Inc.* (9th Cir. 2006)
  469 F.3d 1257 ........................................................................ 7

*Quevedo v. Macy's, Inc.* (C.D. Cal. June 16, 2011)
  2011 WL 3135052 ...................................................................... 5

*Scherk v. Alberto-Culver Co.* (1974)
  417 U.S. 506 ........................................................................... 4

*Sparling v. Hoffman Construction Company*,
  864 F.2d at 638 (9th Cir. 1988) .................................................. 12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT P.F. CHANG'S CHINA
BISTRO, INC.'S MOTION TO COMPEL ARBITRATION OF PLAINTIFF EDGAR VILLALOBOS' CLAIMS

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.* (9th Cir. 2004)
  368 F.3d 1053 ................................................................................. 12

*Viking River Cruises, Inc. v. Moriana* (June 15, 2022)
  142 S. Ct. 1906 ....................................................................... 13, 14

**California Cases**

*Adolph v. Uber Technologies,*
  California Supreme Court Case No. S274671 ................................... 14

*Armendariz v. Foundation Health.* (2000)
  24 Cal.4th 83 ................................................................... 7, 8, 9, 10

*Baltazar v. Forever 21* (2016)
  62 Cal. 4th 1237 ............................................................................ 7

*Bayscene Resident Negotiators v. Bayscene Mobilehome Park* (1993)
  15 Cal.App.4th 119 ..................................................................... 11

*Dotson v. Amgen, Inc.* (2010)
  181 Cal. App. 4th 975 .................................................................... 7

*Graham v. Scissor-Tail, Inc.* (1981)
  28 Cal. 3d 807 ............................................................................... 7

*Iskanian v. CLS Transp. Los Angeles LLC* (2014)
  59 Cal. 4th 348 ............................................................................ 13

*Little v. Auto Stiegler, Inc.* (2003)
  29 Cal.4th 1064 ........................................................................... 10

*McManus v. CIBC World Markets* (2003)
  109 Cal.App.4th 76 ...................................................................... 10

*Moncharsh v. Heily & Blase* (1992)
  3 Cal.4th 1 ..................................................................................... 6

*O'Hare v. Municipal Resource Consultants* (2003)
  107 Cal.App.4th 267 ...................................................................... 8

*Roman v. Superior Court* (2009)
  172 Cal. App. 4th 1462 ................................................................... 7

*Samura v. Kaiser Foundation Health Plan, Inc.* (1993)
  17 Cal. App. 4th 1284 .................................................................... 7

*Serpa v. California Surety Investigations, Inc.* (2013)
  215 Cal. App. 4th 695 .................................................................... 7

*United Transp. v. Southern Cal. Rapid Transit Dist.* (1992)
  7 Cal.App.4th 804 ....................................................................... 11

*Vianna v. Doctors' Management Company* (1994)
  27 Cal.App.4th 1186 .................................................................... 11

*Writers Guild of Am., West, Inc. v. Merrick* (1982)
   130 Cal.App.3d 212 .................................................................................. 11

**Federal Statutes**

9 U.S.C
   § 3 ....................................................................................................... 12

9 U.S.C.
   § 4 ......................................................................................................... 4

**California Statutes**

Cal. Civ. Proc. Code
   § 1281.2 .................................................................................................. 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs Kyle Cookson and Edgar Villalobos ("Plaintiffs") filed the subject civil complaint ("Complaint") against defendant P.F. Chang's China Bistro, Inc. ("Defendant") alleging: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Pay Reporting Time Pay; (4) Failure to Provide Meal Periods; (5) Failure to Provide Rest Breaks; (6) Failure to Timely Pay Wages During Employment; (7) Failure to Timely Pay Wages at Separation; (8) Failure to Reimburse Necessary Expenses; (9) Failure to Provide Accurate Itemized Wage Statements; and (10) Violation of California Business & Professions Code § 17200, *et seq.*  Plaintiffs then filed a first amended complaint ("FAC") to add an eleventh cause of action for Civil Penalties under the Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2699, *et seq.* On February 21, 2023, Defendant removed the lawsuit to the United States District Court, Southern District of California. Both the Superior Court for the County of San Diego and the United States District Court lack jurisdiction to adjudicate this dispute. Plaintiff Edgar Villalobos' ("Plaintiff Villalobos") claims do not belong in this venue.  Rather, this entire dispute must be resolved in the arbitral forum pursuant to a pre-dispute arbitration agreement between Plaintiff Villalobos and Defendant.

Here, the Dispute Resolution Policy[1] ("DRP"), which applied to all of Defendant's and affiliated company California employees, provides for the selection of a neutral arbitrator, the ability of the parties to conduct adequate discovery, no limitations on recovery or relief that would otherwise be available to the parties in court, and a reasoned opinion by the arbitrator containing the essential findings of fact and conclusions under the law.  There is also no question that Plaintiff

---

[1] The Dispute Resolution Policy is also sometimes referred to as the "Dispute Resolution Agreement."

Villalobos' claims are encompassed by the DRP. The DRP covers claims regarding Plaintiff Villalobos' employment relationship with Defendant and requires arbitration of all such claims on an *individualized* basis.  Accordingly, Plaintiff Villalobos' claims should be submitted to binding arbitration pursuant to the terms of the DRP.  The subject litigation should be stayed pending completion of the arbitration.

## II.    SUMMARY OF RELEVANT FACTS

### A.    Plaintiff Villalobos Was Presented With the Dispute Resolution Agreement and Agreed to Be Bound By It.

On October 9, 2020, Plaintiff Villalobos completed Defendant's online onboarding process, which, in 2020, included executing a copy of the DRP.  Saenz Decl. ¶¶ 7-11, Exh. E.  Before signing the DRP, Plaintiff Villalobos had the opportunity to electronically save a copy of the DRP or print a copy of the DRP.  *Id.* at ¶ 8.  He was also able to log out of the system and thereafter pick up where he had left off, thus giving him the opportunity to review the DRP with a third party at his convenience.  *Id.* at ¶ 10.

### B.    The Dispute Resolution Agreement Covers Plaintiff Villalobos' Claims.

The DRP policy that applies to Plaintiff Villalobos states in relevant part:

Except as provided below, both the Company and the Employee agree that all legal disputes between them, including any dispute arising out of or related to an Employee's employment with P.F. Chang's China Bistro, Inc and Pei Wei Asian Diner, L.L.C. or one of its affiliates, subsidiaries, or parent company (hereinafter referred to collectively as "the Company") or termination of an Employee's employment, shall be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial.

Saenz Decl., Exh. E at ¶ 1.  Under the terms of the DRP, Plaintiff Villalobos is

bound to arbitrate all disputes relating to his employment, with certain exceptions not relevant here. *Id*. ¶¶ 1, 8.  Additionally, the agreement requires arbitration on an *individual* basis.  In the DRP, the parties waive their rights to participate in a class, representative or collective action, or act as a private attorney general, to the maximum extent of the law.  *Id*. at ¶ 4.

**C.      The Allegations of the FAC Concern Plaintiff Villalobos' Employment.**

Despite having acknowledged and agreed to the terms of the DRP, Plaintiff Villalobos filed this action.  There can be no dispute that Plaintiff Villalobos' claims arose directly out of his employment.  As set forth in the FAC, Plaintiff Villalobos alleges class wage and hour violations and violations of PAGA predicated upon the wage and hour violations alleged in the FAC. *See generally,* FAC. The alleged violations of the Labor Code all arise from Plaintiff Villalobos' employment with Defendant.  *Id*.

**D.      Plaintiff Villalobos Was Advised of the Arbitration Agreement.**

On February 21, 2023, counsel for Defendant sent a letter to Counsel for Plaintiff Villalobos in which he provided counsel with a copy of the DRP Plaintiff Villalobos was subject to and electronic documentation confirming that Plaintiff Villalobos had signed the DRP.  Declaration of Christopher W. Decker ("Decker Decl.") ¶ 2, Exh. A.  Counsel for Defendant demanded that Plaintiff Villalobos stipulate to submit his claims to arbitration.  *Id.*  Plaintiff Villalobos declined and Defendant now brings this motion to compel arbitration.  *Id*. at ¶ 3, Exh. B.

**III.      THE FEDERAL ARBITRATION ACT REQUIRES ARBITRATION OF PLAINTIFF VILLALOBOS' CLAIMS.**

**A.      The Federal Arbitration Act and Federal Authority Require the Court to Compel Arbitration of Plaintiff Villalobos' Claims.**

As the United States Supreme Court reaffirmed in the landmark decision, *AT&T Mobility LLC v. Concepcion* (2011) 131 S. Ct. 1740, 1745, the Federal

Arbitration Act ("FAA") reflects "a liberal federal policy favoring arbitration" and requires federal courts to compel the arbitration of any claims covered by an arbitration agreement in accordance with its terms. *Id*. at 1745. "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd* (1985) 470 U.S. 213, 218; *see also Scherk v. Alberto-Culver Co.* (1974) 417 U.S. 506, 511 ("[Section] 4 of the Act directs a federal court to order parties to proceed to arbitration if there has been a 'failure, neglect, or refusal' of any party to honor an agreement to arbitrate"); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.* (9th Cir. 2000) 207 F.3d 1126, 1130. Specifically, section 4 of the FAA states that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court … for an order directing that such arbitration proceed in the manner provided for in such agreement …. [U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. 9 U.S.C. § 4 (2010) (emphasis added).

In enacting the FAA, Congress intended to overcome the past reluctance of courts to enforce arbitration agreements by placing such agreements on an equal footing with other contracts and establishing a federal policy in favor of arbitration:

> [The FAA] is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. In enacting § 2 of the Federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agree.

The FAA creates a general presumption in favor of arbitration and requires enforcement of a written agreement to arbitrate. *Gilmer v. Interstate/Johnson Lane Corp.* (1961) 500 U.S. 20, 24-25.  "The Federal Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Id.* (*quoting Moses H. Cone Mem'l Hosp v. Mercury Constr. Corp.* (1983) 460 U.S. 1, 24); *see also AT&T Tech., Inc. v. Communication Workers of Am.* (1986) 475 U.S. 643, 650 (*quoting Steelworkers v. Warrior & Gulf Navigation Co.* (1960) 363 U.S. 574, 582-83 ("[A]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.  Doubts should be resolved in favor of coverage")).

## B.   The Federal Arbitration Act Also Governs Arbitration Agreements in the Employment Context.

Courts have consistently found that under the FAA, agreements to arbitrate employment-related disputes, including wage and hour claims such as the alleged violations of the Labor Code that Plaintiff Villalobos pleads here, are valid and enforceable.  *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319-20 (9th Cir. 1996) (holding that overtime claims may be subject to arbitration); *Grabowski v. C.H. Robinson*, 2011 WL 4353998 (S.D. Cal. Sept. 19, 2011) (compelling individual arbitration of overtime claims); *Quevedo v. Macy's, Inc.*, 2011 WL 3135052 (C.D. Cal. June 16, 2011) (compelling arbitration of wage and hour claims).  In *Gilmer*, the U.S. Supreme Court expressly recognized arbitration as a legitimate method of resolving all employment disputes—including alleged violations of statutory rights. *Gilmer*, *supra*, 500 U.S. at 34-35; *Circuit City Store, Inc. v. Adams* (2001) 532 U.S. 105, 123 ("We have been clear in rejecting the supposition that the advantages of the arbitration process somehow disappear when transferred to the employment context. Arbitration agreements allow parties to avoid the costs of litigation, a benefit that may be of particular importance in employment litigation ..."); *see EEOC v. Luce,*

*Forward, Hamilton & Scripps* (9th Cir. 2003) 345 F.3d 742, 752 (holding that mandating arbitration of employment claims is valid and enforceable).

Here, the DRP expressly notes that the FAA applies.  Saenz Decl. ¶ 11, Exh. E at ¶ 1.  Further, while the FAA applies to any business that "affects" interstate commerce, the business of Defendant clearly affects interstate commerce.  The company currently operates numerous restaurants throughout the United States and has vendors, suppliers and customers that cross multiple state lines to do business with and patronage Defendant.  Declaration of Susan Walsh at ¶ 5.  It is well-settled that corporations with multi-state business operations are engaged in "commerce" for purposes of the FAA.  *Allied-Bruce Terrains Cos. v. Dobson*, 513 U.S. 265, 282 (1995) (holding that "the multi-state nature" of defendant's business operations satisfied FAA's commerce requirement).

## IV.  CALIFORNIA LAW ALSO REQUIRES ARBITRATION OF PLAINTIFF VILLALOBOS' CLAIMS.

### A.  California Statutory Law Provides for the Enforcement of Arbitration Agreements.

Much like the FAA, California *Code of Civil Procedure* § 1281.2 requires a court to order arbitration of any controversy covered by a written agreement to arbitrate.  This section provides:

> On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists.

Cal. Code Civ. Proc. § 1281.2  (emphasis added).

In accordance with this statutory provision, California courts have consistently held that California has a "strong public policy in favor of arbitration." *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9 (*citing Ericksen, Arbuthnot, McCarthy,*

*Kearney & Walsh, Inc. v. 100 Oak Street* (1983) 35 Cal.3d 312, 322).

### B.  **The Agreement Is Not Procedurally Unconscionable.**

A finding of procedural unconscionability requires the existence of both "oppression and surprise."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006).  Oppression typically arises from unequal bargaining power that results in the absence of meaningful negotiation or choice.  Surprise involves the extent to which the terms of the bargain are hidden.  *Id.*; *Samura v. Kaiser Foundation Health Plan, Inc.*, 17 Cal. App. 4th 1284, 1296 (1993).

As for alleged oppression, Plaintiff may argue that the DRP is procedurally unconscionable because it was presented as a condition of employment. This argument is without merit. California courts have repeatedly concluded that adhesion alone is not sufficient to support a finding of procedurally unconscionability. *Baltazar v. Forever 21*, 62 Cal. 4th 1237 (2016); *Dotson v. Amgen, Inc.*, 181 Cal. App. 4th 975, 981-982 (2010); *Roman v. Superior Court*, 172 Cal. App. 4th 1462, 1471 (2009); *Graham v. Scissor-Tail, Inc.*, 28 Cal. 3d 807 (1981). Even in employment contracts, arbitration clauses have been upheld despite claims that the clauses were unconscionable because they were presented as part of an adhesion contract.  *Serpa v. California Surety Investigations, Inc.*, 215 Cal. App. 4th 695, 704 (2013).

As for the element of surprise, the DRP is a separate document that is two pages long and is not filled with "legalese." There were no hidden terms set forth in smaller print or in any separate document and the language is not written in such a way as to be unapproachable by a lay person.  Saenz Decl. ¶ 7, Exh.  C.

### C.  **The Agreement Is Not Substantively Unconscionable.**

The DRP satisfies all of California's requirements set forth in the two-pronged "unconscionability test" that is applied to determine whether there is a valid arbitration agreement governing an employment relationship.  *Armendariz v. Foundation Health*. (2000) 24 Cal.4th 83, 102-114.  In *Armendariz*, the California

7

Case No. 3:23-cv-000341-GPC-DDL

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S MOTION TO COMPEL ARBITRATION OF PLAINTIFF EDGAR VILLALOBOS' CLAIMS

Supreme Court held that a mandatory arbitration agreement is enforceable where it evinces a "modicum of bilaterality" and:  (1) provides for neutral arbitrators, (2) provides for adequate discovery, (3) requires a written award, (4) provides for the relief that would be available in court, and (5) does not require employees to pay unreasonable costs or fees.  *Id*. at 102-103, 117.  In this case, the DRP is bilateral and meets all five requirements.  The DRP does not any way exempt Defendant from its provisions. To the contrary, the DRP obligates both the Employee and the Company to arbitrate "all legal disputes between them."  Saenz Decl., ¶ 7, Exh. C at ¶ 1.  The DRP also contains each of the five safeguards required by *Armendariz*.

## 1.     The DRP Provides for a Neutral Arbitrator and Includes Provisions that Ensure Fairness.

The DRP provides for a neutral arbitrator by allowing the parties to mutually agree on a neutral arbitrator and invokes the National Rules for the Resolution of Employment Disputes of the American Arbitration Association if the parties cannot agree on an arbitrator.  Saenz Decl., ¶ 11, Exh. E at ¶ 3.  The Dispute Resolution Policy expressly provides for fair and equitable procedures to follow in case the parties cannot agree on a neutral arbitrator.

## 2.     The DRP Provides For Adequate Discovery.

The DRP provides for adequate discovery because it specifically refers to substantive state law or federal law, as applicable, and grants the arbitrator the ability to compel the production of documents and the attendance of witnesses.  Saenz Decl. at ¶ 11 Exh. E at ¶ 6; *see Armendariz*, 24 Cal.4th 83 at 106 (holding that employees were entitled to access to essential documents and witnesses in an arbitration).

The DRP also states that the arbitration shall be conducted in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association, which provide that an the arbitrator shall have the authority to order such discovery, as the arbitrator considers it necessary to a full and fair exploration of the issues in dispute.  Saenz Decl. at ¶ 11 Exh. E at ¶ 3; *see O'Hare v.*

*Municipal Resource Consultants* (2003) 107 Cal.App.4th 267, 281 (holding that an agreement that prohibited discovery was inconsistent with the National Rules for the Resolution of Employment Disputes, which empowered an arbitration to order discovery as necessary).  As such, there is no doubt that Plaintiff Villalobos will be afforded access to relevant witnesses and documents to properly prepare his case.

### 3. The DRP Provides that the Arbitrator Will Issue a Reasoned Opinion.

In *Armendariz*, the court held that absent language precluding a written decision, an arbitration agreement implicitly permitted a written arbitration decision which indicates the arbitrator's essential findings and conclusions on which the award was based was required.  *Armendariz*, 24 Cal.4th 83 at 107.  Here, the DRP expressly provides for a decision or award in writing, stating the essential findings of fact and conclusions of law.  Saenz Decl. at ¶ 11, Exh. E at ¶ 4.

### 4. The DRP Does Not Limit Statutory Remedies in Any Way.

The reviewing court in *Armendariz* found the arbitration agreement at issue there to be unenforceable, in part, because the agreement expressly limited the plaintiff's recoverable damages to lost wages from the time of discharge until the time of the arbitration award.  *Armendariz*, 24 Cal.4th 83 at 103.  Here, the DRP contains no such limitations and all remedies available to Plaintiff Villalobos in a judicial forum are available here.  Saenz Decl. at ¶ 11, Exh. E at ¶ 6.

### 5. Defendant Intends to Pay The Arbitrator's Fees.

As required in *Armendariz,* the DRP expressly provides that if required by law, Defendant shall pay the arbitrator's fees.  *Armendariz*, 24 Cal.4th 83 at 110-111; Saenz Decl. at ¶ 11, Exh. E at ¶ 5.

/ / /

/ / /

/ / /

**D.    If Any Provision in the Arbitration Agreement is Found Unenforceable, it Will Not Render the Entire Agreement Unenforceable.**

In *Little v. Auto Stiegler, Inc.*, the California Supreme Court evaluated an arbitration agreement that had a provision allowing for appellate review of an arbitrator's award that exceeded $50,000.  *Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064, 1071.  Though the court there determined that the provision was unconscionable, it nonetheless upheld the enforceability of the agreement.  *Id.* at 1074-1076.  Similarly, in *McManus v. CIBC World Markets* (2003) 109 Cal.App.4th 76, the court found that certain sections of an arbitration agreement, including a section requiring the plaintiff to bear costs prohibited by *Armendariz*, were unconscionable.  The court held, however, that the agreement was not "so 'permeated' with unconscionable provisions that it cannot be saved."  *Id* at 102.

The DRP does not contain any provisions that are unconscionable.  However, in the event,  the Court concludes otherwise, the DRP provides that any provisions determined to be unconscionable should be severed from the otherwise valid agreement and the agreement should be enforced.

> In the event any term of this Policy is, or becomes, or is declared to be invalid or void by any court or tribunal of competent jurisdiction, such term shall be null and void and shall be deemed severed from this Policy and all remaining terms shall remain in full force and effect.

Saenz Decl. ¶ 7, Exh.  C at ¶ 7.

**E.    Plaintiff Villalobos' Claims are Covered by the DRP and Must be Submitted to Arbitration.**

Plaintiff Villalobos' claims must be submitted to binding arbitration.  "Doubts as to whether an arbitration clause applies to a particular dispute are to be resolved in

favor of sending the parties to arbitration." *United Transp. v. Southern Cal. Rapid Transit Dist.* (1992) 7 Cal.App.4th 804, 808; *see also Bayscene Resident Negotiators v. Bayscene Mobilehome Park* (1993) 15 Cal.App.4th 119 (noting that resolution of disputes by arbitration is strongly favored).

California courts have liberally held that agreements between employees and employers to arbitrate claims between them encompass actions of any type arising out of the employment relationship. *See, e.g., Vianna v. Doctors' Management Company* (1994) 27 Cal.App.4th 1186, 1190 (overruling narrow interpretation of employment contract and enforcing arbitration clause because plaintiff's claims against the defendants were "rooted in the employment relationship created by their contract."); *Writers Guild of Am., West, Inc. v. Merrick* (1982) 130 Cal.App.3d 212, 219. Given the liberal reach of arbitration agreements to cover claims of any type, there is no doubt that the claims Plaintiff Villalobos has alleged against Defendant fall squarely under the DRP.

## V.   ANY CLAIMS AGAINST DEFENDANT MUST BE PURSUED THROUGH INDIVIDUAL ARBITRATION

### A.   The DRP Precludes Class and Representative PAGA Claims And Requires Individual Resolution Of Any Dispute.

It is clear that the DRP applies to Plaintiff Villalobos' class and PAGA claims. The agreement provides that:

"…[B]oth the Company and the Employee agree that ***all legal disputes between them***, including any dispute arising out of or related to an Employee's employment… shall be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial."

Saenz Decl. at ¶ 11, Exh. E at ¶ 1 (emphasis added).

The agreement also provides that any class and/or PAGA claims may proceed only on an individual basis, and not in any sort of representative capacity:

> To the maximum extent permitted by law, the Arbitrator shall not have the authority to entertain or award relief for any dispute brought, heard or arbitrated as a class or collective action, as a private attorney general action, or in a representative capacity on behalf of any person. All claims in arbitration must be brought and heard on an individual basis. Also, to the maximum extent permitted by law, neither party to this agreement will have the right to participate in a class, representative or collective action, as a class representative, class member or an opt-in party, act as a private attorney general, or join or consolidate claims with claims of any other person in arbitration.

Saenz Decl. at ¶ 11, Exh. E at ¶ 4. In sum, the DRP expressly requires that Plaintiff Villalobos, if he chooses to pursue class and/or PAGA claims against Defendant, must do so on an individual basis and in arbitration.

**B.** **The Court Can Stay The Action Pending Resolution Of Arbitration, But Should Dismiss Plaintiff's Claims Against Defendant Pursuant To Federal Rule of Civil Procedure 12(b)(6).**

Section 3 of the FAA provides that when presented with an enforceable arbitration agreement, the Court shall stay the action pending resolution of the arbitration. 9 U.S.C. § 3. As the Ninth Circuit has held, however, that this provision "does not preclude summary judgment when all claims are barred by an arbitration clause." *Sparling v. Hoffman Construction Company*, 864 F.2d 635, 638 (9th Cir. 1988); *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (ordering dismissal, instead of a stay, of plaintiffs' claims that were subject to arbitration agreement); *Luna v. Kemira Specialty, Inc.* 575 F. Supp. 2d 1166, 1178 (C.D. Cal. 2008) ("Ninth Circuit has held, however, that § 3 does not impose a mandatory duty to stay on district courts. Thus, even where a party seeks a stay under § 3, the court has discretion to dismiss under Rule 12(b)(6) if it finds that all of the claims before it are arbitrable[.]"). Accordingly, this Court may dismiss all

claims asserted by Plaintiff pending arbitration of her claims against Defendant, or dismiss her class and non-individual PAGA claims, and stay her individual claims pending arbitration of those claims.  In either case, the Court should order that Plaintiff may pursue her claims only in arbitration, and only on an individualized basis.

## C. The DRP's Requirement to Enforce Arbitration Solely on an Individualized Basis is Enforceable.

The Arbitration Agreement provides:

> To the maximum extent permitted by law, the Arbitrator shall not have the authority to entertain or award relief for any dispute brought, heard or arbitrated as a class or collective action, as a private attorney general action, or in a representative capacity on behalf of any person. All claims in arbitration must be brought and heard on an individual basis.

Saenz Decl. at ¶ 7, Exh. C at ¶ 4. This prohibition on class or collective claims is also fully enforceable. *Epic Sys. Corp. v. Lewis,* 138 S. Ct. 1612, 1632 (2018); *see also AT&T Mobility*, *supra*, 131 S. Ct. at 1747-48; *Iskanian v. CLS Transp. Los Angeles LLC*, 59 Cal. 4th 348, 366 (2014). Hence, Plaintiff may not assert claims or seek relief on behalf of any other person, and the Court should dismiss with prejudice her request for class-wide relief. Accordingly, since the Arbitration Agreement precludes anything but individualized arbitration, the Court should dismiss Plaintiff's class and collective actions against Defendant and compel her to arbitrate her claims on an individualized basis.

Plaintiff's PAGA claims are also subject to arbitration on an individualized basis.  The U.S. Supreme Court recently ruled in *Viking River Cruises* that California's rule prohibiting division of PAGA actions into individual and non-individual claims is preempted by the Federal Arbitration Act.  *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1924 (June 15, 2022).  Hence, "Viking was entitled to enforce the agreement insofar as it mandated arbitration of Moriana's individual

PAGA claim."  *Id.* at 1925.  The same situation exists here, as, like the agreement at issue in *Viking River Cruises*, the Arbitration Agreement (i) requires arbitration of "any claim, dispute, or controversy . . . between the Employee and the Company … arising from, related to, or having any relationship or connection whatsoever with the Employee's seeking employment with, employment by, or other association with, the Company", (ii) prohibits "any purported class, collective or representative proceeding" in arbitration, and (iii) provides that, if any provision of the agreement is unenforceable, it shall be severed, and the remainder of the agreement construed so as to make it enforceable. Melancon Decl. ¶ 19, Ex. G.  Accordingly, as in *Viking River Cruises*, Plaintiff's PAGA claim must be arbitrated, and the waiver of class, collective or representative proceedings enforced in arbitration, limiting that PAGA claims to Labor Code violations Plaintiff suffered personally.  *Viking River Cruises*, 142 S. Ct. at 1925.

Plaintiff's PAGA claims premised on Labor Code violations suffered by others must be severed and remain in court, as the parties never agreed to arbitrate such claims.  Those severed PAGA claims, however, must be dismissed.  While *Viking River Cruises* upheld California law prohibiting the waiver of such claims in *any* forum, it nonetheless concluded:

> . . . PAGA provides no mechanism to enable a court to adjudicate non-individual PAGA claims once an individual claim has been committed to a separate proceeding . . . As a result, [Plaintiff] lacks statutory standing to continue to maintain her non-individual claims in court, and the correct course is to dismiss her remaining claims.

*Id.* at 1925.  The U.S. Supreme Court's interpretation of California law binds this court, and obliges it to do the same here.[2]

---

[2] On July 20, 2022, the California Supreme Court granted review in *Adolph v. Uber*

## VI. **CONCLUSION**

For the foregoing reasons, pursuant to the Federal Arbitration Act, Federal Rules of Civil Procedure 12(b)(6), and the relevant authorities, the Court should order Plaintiff to submit his claims against Defendant to arbitration on an individualized basis, including her PAGA claims to the extent they are premised on violations of the California Labor Code which she personally suffered, and dismiss this action in its entirety. Alternatively, the Court may dismiss all class allegations and his PAGA claims premised on violations of the California Labor Code suffered by other employees, and stay her individual claims for unpaid wages and statutory penalties along with that portion of her PAGA claim that is premised on violations of the California Labor Code which he personally suffered.

DATED:   March 31, 2023

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Christopher W. Decker
Evan R. Moses
Christopher W. Decker

Attorneys for Defendants
P.F. CHANG'S CHINA BISTRO, INC.

---

*Technologies*, California Supreme Court Case No. S274671. The Court will review whether an aggrieved employee who has been compelled to arbitrate claims under PAGA maintains statutory standing to pursue PAGA claims arising out of events involving other employees. However, binding authority mandating dismissal remains in effect until the California Supreme Court rules otherwise.

Case No. 3:23-cv-000341-GPC-DDL

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S MOTION TO COMPEL ARBITRATION OF PLAINTIFF EDGAR VILLALOBOS' CLAIMS

55760629.v2-OGLETREE